## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEANDRE WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-299 RHH |
| ) | |
| CITY OF ST. LOUIS JUSTICE CENTER, ) et al., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff DeAndre Walton's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $2.45. *See* 28 U.S.C. § 1915(b)(1). The Court will also direct Plaintiff to file a second amended complaint.

### **Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

In support of his Application to Proceed in District Court without Prepaying Fees or Costs, Plaintiff has submitted an account state that reflects an average monthly balance of $12.24 for the six-month period preceding the filing of his original complaint. Thus, the Court will assess an initial partial filing fee of $2.45, representing 20 percent of Plaintiff's average monthly balance over that time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by

mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis City Justice Center in St. Louis, Missouri. He brings this action under 42 U.S.C. § 1983 against the Justice Center, Dr. Daniel Isom II (Director of the Department of Public Safety), and J. Clemons-Abdullah (Commissioner of Corrections). In his original complaint, Plaintiff indicates he is suing Defendants Isom and Clemons-Abdullah in their official capacities only. He makes several allegations arising from unrelated occurrences. Plaintiff first asserts that he "was placed in custody with a number of people who were HIV positive who carried the Hep C virus." He next contends that "from Nov. 18 to 21 [of 2022] the defendant was subject to inhuman treatment as he was locked in a cell . . . [without] working water unable to flush the toilet or drink any water[.]" He states that he requires drinking water because of his high blood pressure and kidney disease. According to Plaintiff, "Abdullah and Isom II refuse to provide the [illegible] needs." Plaintiff then alleges that the lights went off in the jail on August 24[1] and that inmates were denied ventilation because "Ms. Abdullah told [officers] not to open the chuck holes to provide any ventilation." In the final paragraph under the "Statement of Claim" portion of the complaint, Plaintiff states that the jail's meal plan is insufficient, there are

---

[1] Plaintiff does not specify a year.

no educational programs, and he was exposed to a "mase bomb" tossed by Defendant Isom at another inmate.

In his amended complaint, Plaintiff does not indicate whether he is suing Defendants Isom and Clemons-Abdullah in their official or individual capacities. He reiterates his allegations about educational programs, lack of water, and meal plans. He adds that "there is no use of the exercise yards" and that medical staff ignored his concerns about stomach pain, resulting in emergency surgery for an "inflamed gallstone." Plaintiff states that when he returned from the hospital he was forced to sleep in a room where he could not turn off the lights. He further alleges that the rooms have no windows, the jail's tablets do not work, inmates have no access to law books, and laundry service is insufficient. Plaintiff seeks $250,000 in damages.[2]

## Discussion

Generally, an amended complaint completely replaces an original complaint. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). However, out of an abundance of caution—and in the spirit of liberal construction—the Court will consider both the original and amended complaint for this analysis. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed; amended complaint standing alone failed to state claim but plaintiff referenced original complaint in amended complaint and clearly intended to have both complaints read together).

---

[2] The Court notes that Plaintiff's original and amended complaints violate Rule 20 of the Federal Rules of Civil Procedure by asserting claims that arise from unrelated occurrences and transactions.

4

In his original complaint, Plaintiff specifies that he sues Defendants Isom and Clemons-Abdullah in their official capacities only. Plaintiff's amended complaint is silent as to capacity. For these reasons, the Court must presume that Plaintiff intended to bring only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, we interpret the complaint as including only official-capacity claims."), *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity."); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims.").

In both his original and amended complaints, Plaintiff identifies Isom and Clemons-Abdullah as employees of the St. Louis City Justice Center. Naming a government official in their official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The St. Louis City Justice Center is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987) ("[S]tate courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the

Eleventh Amendment."). As a result, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted against the Justice Center, Isom, and Clemons-Abdullah.

### Instructions for Amending the Complaint

In light of Plaintiff's self-represented status, the Court will give Plaintiff a final opportunity to amend his complaint. Plaintiff shall do so using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, Plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, Plaintiff may include additional sheets of paper. In any case, Plaintiff must clearly list all defendants and state whether he intends to sue each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claim(s). Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, Plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

As noted above, Plaintiff's original and first amended complaints violate Rule 20 of the Federal Rules of Civil Procedure because they assert claims arising out of unrelated transactions or occurrences. For his second amended complaint, Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of Plaintiff's claims must relate to

each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if Plaintiff opts to sue only a single defendant, he may set forth as many claims as he has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If Plaintiff is suing a defendant in their individual capacity, he must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If Plaintiff is suing multiple defendants, he must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, Plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995).

The Court advises Plaintiff that although it considered both his original and amended complaints for this analysis, his second amended complaint will completely replace the previous complaints. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir.

2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the second amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Conclusion

For the foregoing reasons, Plaintiff's original and amended complaints are subject to dismissal. However, in light of Plaintiff's self-represented status, the Court will give Plaintiff a final opportunity to amend his complaint in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepayment of Fees and Costs is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $2.45 **within thirty (30) days** of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank "Prisoner Civil Rights Complaint" form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form per the Court's instructions.

Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 24th day of June, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE