**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DEANDRE WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00299-RHH |
| ) | |
| J. CLEMONS-ABDULLAH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff DeAndre Walton's second amended complaint under 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss this action without prejudice.

**Background**

Plaintiff is a pretrial detainee at the St. Louis City Justice Center in St. Louis, Missouri. (ECF No. 1). He filed this action on February 26, 2024, against Dr. Daniel Isom II (Director of the Department of Public Safety) and J. Clemons-Abdullah (Commissioner of Corrections) in their official capacities. *Id.* In his initial complaint, Plaintiff raised several seemingly unrelated claims concerning his conditions of confinement. *Id.* He later filed a similarly broad amended complaint, which failed to specify a capacity for Isom or Clemons-Abdullah. (ECF No. 5). Following the amended complaint, the Court granted Plaintiff's motion to proceed in forma pauperis ("IFP") but directed him to file a second amended complaint within 30 days. (ECF No. 8). After receiving an extension of time, Plaintiff complied on August 22, 2024, and filed a second motion to proceed IFP. (ECF Nos. 12, 13).

## Legal Standard

Because Plaintiff is proceeding IFP, his second amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss an IFP complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

2

task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Second Amended Complaint

In his second amended complaint, Plaintiff asserts liability against J. Clemons-Abdullah in both her individual and official capacities, based on the same conditions of confinement at issue in his previous complaints. (ECF No. 12). He alleges that, following his arrest, he was held in a cell for two weeks without access to a shower. *Id.* Plaintiff further claims that he was then placed in a housing unit with individuals known to have hepatitis C and acquired immunodeficiency syndrome ("AIDS"). *Id.* He also alleges that in November of 2022, he was confined in a cell without running water for four days. *Id.* The remainder of the Second Amended Complaint contains allegations relating to a power outage at the jail, the absence of educational programs, inadequate legal resources, insufficient food options, and lack of exercise opportunities. *Id.*

## Discussion

### 1. Official Capacity

Plaintiff asserts liability against Clemons-Abdullah in her official capacity as the Commissioner of Corrections.[1] As the Court previously explained, a suit against a public employee in their official capacity is merely a suit against the public employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff alleges that Clemons-Abdullah works for the Justice Center. Therefore, to prevail on his official-capacity claim, Plaintiff must

---

[1] Clemons-Abdullah no longer works for the City of St. Louis. At present, Doug Burris serves as the City's Interim Commissioner of Corrections. *Mayor Jones Hires Doug Burris as Interim Commissioner for City Justice Center* (Jan. 27, 2025), City of St. Louis, MO: Official Website, https://www.stlouis-mo.gov/government/departments/mayor/news/cjc-interim-commissioner.cfm.

3

establish the Justice Center's liability for the alleged wrongdoing. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). He cannot do so in this case because the Justice Center, as a subdivision of local government, is not a suable entity under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Clemons-Abdullah.

### 2. Individual Capacity

Plaintiff also asserts an individual-capacity claim against Clemons-Abdullah. To establish individual liability under § 1983, a plaintiff must show "a causal link to, and direct responsibility for" the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). As the Court stated in its previous order, that means Plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *Id.* Conclusory allegations based on a defendant's supervisory role are insufficient. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Despite this guidance, Plaintiff does not allege that Clemons-Abdullah was personally involved in any wrongdoing. Accordingly, the Court will dismiss Plaintiff's individual-capacity claims against Clemons-Abdullah. *See Madewell*, 909 F.2d at 1208.

### Conclusion

For the foregoing reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2) for failure to state a plausible claim to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's second motion to proceed in forma pauperis (ECF No. 13) is **DENIED** as moot.

4

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of March, 2025.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE